UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LOUISVILLE METRO HUMAN RELATIONS                                    PLAINTIFFS
COMMISSION, et al.

v.                                                        CIVIL ACTION NO. 3:05CV-488-S

GEORGE T. UNDERHILL ASSOCIATES, LLC, et al.                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on the motion of the plaintiff, Louisville Metro Human

Relations Commission (the "Commission"), to remand this case to Jefferson Circuit Court, where

it was originally filed. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Id.*

(emphasis added). For the reasons stated herein, we find that we have no subject matter jurisdiction

over this case and therefore, will grant the Commission's motion.

## BACKGROUND

On or around July 27, 2005, the Commission filed this action on behalf of Susan and Brian

Wooldridge, in Jefferson Circuit Court. In 2004, the Wooldridges were tenants of a single family

residence owned and managed by the defendants. The Commission alleges that the defendants

discriminated against the Woolridges by failing to accommodate Mr. Wooldridge's disability and

by engaging in retaliatory action against the Wooldridges due to their requests for accommodation.

The Complaint charges the defendants with violating various Louisville/Jefferson County

Metropolitan Government ordinances, as well as the Kentucky Civil Rights Act of 1996. On August

26, 2005, the defendants filed a Notice of Removal to this Court arguing that because "this action

is being pursued under a state law [the Kentucky Civil Rights Act] which was enacted to provide

for the execution within the state the policies embodied in the Federal Civil Rights Act of 1964" and

various other federal statutes, "the complaint could be originally pursued under Federal Law and could be properly pursued in Federal Court as an original action in the Federal Courts." The Commission argues that the defendants' reasoning is erroneous and asks us to remand this action to state court.

## ANALYSIS

Under 28 U.S.C. § 1441, a defendant can remove an action first filed in state court and of which the district courts of the United States have original jurisdiction, to a district court of the United States for the district and division embracing the place where such action is pending. *Id.* Nonetheless, if the district court later discovers that it lacks subject matter jurisdiction over the action, then it is obligated under 28 U.S.C. § 1447(c) to remand the case to state court. *Id.*

The defendants argue that this Court has subject matter jurisdiction because, *inter alia*, (1) the Original Complaint in its Prayer for Relief references the Federal Fair Housing Act as a basis for the Court awarding attorney's fees and costs, and (2) the body of law interpreting and analyzing the Kentucky Civil Rights Act is derived from and modeled after analogous federal statutes and law.[1] We reject these arguments.

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)). No federal question is presented on the face of the Commission's Amended Complaint.

---

[1] The defendants' other arguments for denying remand are essentially that (1) too much time has lapsed between the defendants' removal and the Commission's motion for remand, and therefore, the Commission now bears a burden of justifying why this Court no longer has jurisdiction, and (2) the Commission has an illicit motive in seeking remand in that they are likely hoping for a better standard of review on their pending Motion to Dismiss. These arguments have no merit. Not only do the defendants fail to offer any support for them, but they are also improper bases for denying a motion to remand. Our only question in deciding whether to remand is whether we have original jurisdiction over the Commission's claims.

Although the defendants argue that the Original Complaint's *ad damnum* reference to the Federal Fair Housing Act provision 28 U.S.C. § 3614(d)(2) creates a federal question, it is the Amended Complaint that controls whether a federal question has been presented to this Court. The Amended Complaint controls because it is the pleading upon which the defendants removed this action to federal court. Under Fed. R. Civ. Proc. 15, a plaintiff may amend his complaint "once as a matter of course at any time before a response pleading is served . . . ." *Id.* That is what happened in the case at hand. The Commission amended its Original Complaint prior to the defendants' filing of an answer, and therefore, the Amended Complaint supplanted the Original Complaint. Furthermore, the defendants certainly had notice of the Amended Complaint on August 24, 2005, two days before they filed Notice of Removal, which, in accordance with 28 U.S.C. § 1446(a), had a copy of the Amended Complaint attached. Our review of the Amended Complaint finds no reference to § 3614(d)(2) or any other provision that might create a federal question.

Moreover, § 3614(d)(2), which provides for the awarding of attorney's fees and costs to the prevailing party in a civil action brought under § 3614, is irrelevant to this action. Section 3614 is a provision that permits the U.S. Attorney General to bring a civil action for violations of the Fair Housing Act. Not only does the citation to § 3614(d)(2) not present a federal question, since it merely requests relief, but this Court could never have even reached the merits of § 3614(d)(2) given that this case is not a civil action brought by the U.S. Attorney General.

The defendants other argument for the propriety of removal also lacks support. Even though state civil rights acts may have been enacted to enforce the policies behind their federal counterparts, they serve as independent bases for seeking relief. We know of no case that suggests otherwise. As the Commission correctly contends, just because a plaintiff *could have* brought his action in federal court does not mean that this Court has original jurisdiction. It has long been held that the plaintiff is the master of his complaint, and the sole issue in deciding whether a federal court has original jurisdiction is whether the plaintiff's complaint *in fact* presents a federal question. *Caterpillar v.*

*Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441. As previously stated, neither the plaintiff's Original Complaint or Amended Complaint do. Therefore, this case must be remanded to Jefferson Circuit Court. A separate order will be entered in accordance with this opinion.